**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:08-CR-182-001 |
| | ) | Hon. Judge Thomas A. Varlan |
| WILLIAM N. JOHNSON | ) | |

## AGREED ORDER OF REVOCATION

A Petition for Warrant for Offender under Supervision has been filed against the defendant, Mr. William N. Johnson, and the defendant admits that he has violated his supervised release as alleged in the Petition. An agreement has been reached between the parties, recommending that Mr. Johnson's probation should be revoked, and that he should receive a sentence of Time-Served with thirty (30) months supervised release to follow.

Mr. Johnson agrees to waive his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government Pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence.

This Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The defendant's criminal history is V. The advisory guideline range is 7-13 months for Grade C violations and there is a statutory maximum of two (2) years imprisonment. The Court has also considered the factors listed in 18 U.S.C. §3553(a).

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. §3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements.

**IT IS HEREBY ORDERED**, therefore, that the defendant's supervised release is

revoked. The defendant is hereby sentenced to a term of imprisonment of Time-Served with

thirty (30) months of supervised release to follow.

While on supervised release, Mr. Johnson shall comply with the following mandatory

conditions of supervision adopted by this court in Local Rule 83.10:

(1) The defendant must not commit another federal, state, or local crime.
(2) The defendant must not unlawfully possess a controlled substance.
(3) The defendant must refrain from unlawful use of a controlled substance.
(4) The defendant must cooperate in the collection of DNA as directed by the probation officer.

To promote respect for the law, prevent recidivism, and aid in adequate supervision, the

defendant shall also comply with the following standard conditions of supervision adopted by

this Court in Local Rule 83:10:

(1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of release from imprisonment or of the time you were sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
(3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the Court or the probation officer.
(4) The defendant must answer truthfully the questions asked by the defendant's probation officer.
(5) The defendant must live in a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as, the people the defendant lives with). The defendant must notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within seventy-two (72) hours of becoming aware of a change or expected change.
(6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that the probation officer observes in plain view.

2

(7) The defendant must work full time (at least thirty (30) hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find some full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or job responsibilities), the defendant must notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days is not possible due to unanticipated circumstances, the defendant must notify the probation officer within seventy-two (72) hours of becoming aware of the change or expected change.

(8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within seventy-two (72) hours.

(10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).

(11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or information without first getting permission of the Court.

(12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

(13) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

The following special conditions will also apply:

(1) The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time he is released from the program by the probation officer.

(2) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as he is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding

3

mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider

ENTERED, this 8th day of May`, 2019.

HONORABLE Thomas A. Varlan
United States District Court Judge

APPROVED FOR ENTRY:

William N. Johnson
Defendant

Nakeisha C. Jackson
Attorney for Defendant

Cynthia F. Davidson
Assistant U.S. Attorney

with permission
Nakeisha C.J.

Joshua L. Brown
2019.04.29
11:49:29 -04'00'

Joshua L. Brown
U.S. Probation Officer

4